UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOXCELL CLOUD LLC; AI VISUALIZE INC.,<br><br>                                        Petitioners,<br><br>v.<br><br>DECISION SCIENCES INTERNATIONAL CORPORATION,<br><br>                                        Respondent. | Case No.: 3:20-cv-00329-JAH-BLM<br><br>**ORDER:**<br><br>**(1) DENYING RESPONDENT'S CROSS MOTION TO VACATE THE ARBITRATION AWARD, (ECF No. 5);**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PETITIONERS' PETITION TO COMPEL ARBITRATION AWARD (ECF No. 1).** |

      Pending before the Court is Petitioners VoXcell Cloud LLC and AI Visualize Inc.'s (collectively, "Petitioners") Petition for Order Confirming Arbitration Award ("Pet. to Compel Arbit. Award", ECF No. 1) and Respondent Decision Sciences International's ("DSIC" or "Respondent") Motion to Vacate Arbitration Award ("Mot. to Vacate Arbit. Award", ECF No. 5). The motions are fully briefed. (ECF Nos. 2, 3, 16, 17, 18, 19, 20.) The Court found these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons set forth below, Petitioners'

1

Petition to Compel the Arbitration Award is **GRANTED IN PART AND DENIED IN PART**, and Respondent's Motion to Vacate the Arbitration Award is **DENIED**.

# I.

# BACKGROUND[1]

Respondent "produces hardware and software technology for determining whether a shipping container contains contraband at ports of entry, such as shipping ports or land border crossings." (Ex. D, "Dec. & Ord." ECF No. 1-5 at 2.) Petitioners "specializ[e] in the development of Internet-based (also known as 'cloud-based') medical imaging visualization Software." (*Id.*) Respondent contracted with Petitioners "to develop visualization software to enable [Respondent's] customers to use [Petitioners'] advanced imaging technology for identifying contraband in shipping containers at ports of entry." (*Id.*) On December 13, 2017, the Parties entered into a consultant agreement (the "Consultant Agreement"), however, tensions arose over the projected cost of the consultancy versus an employee-employer relationship. (*Id.* at 3.) In response, Respondent attempted to modify the terms of the Consultant Agreement with a "Purchase Order" which contractually limited the amount payable to Petitioners at $212,000. (*Id.* at 11.) The contractual relationship between the Parties subsequently eroded when Petitioners did not deliver the software's underlying source code to Respondent. (Mot. to Vacate Arbit. Award at 7.)

Respondent filed a Demand for Arbitration with the American Arbitration Association ("AAA") pursuant to the Consultant Agreement. (Ex. B, "Dem. For Arbit.", ECF No. 1-3.)[2] Respondent requested specific performance in the form of delivery of the software code developed by Petitioners. (*Id.*) Petitioners filed an Answer to the Demand

---

[1] The facts contained herein are from the Arbitrator's Decision and Order, (ECF No. 1-5), and are not to be construed as factual findings by this Court.

[2] It is undisputed that the parties intended that any dispute arising from the Contract would be settled through arbitration. (Ex. A, "Consultant Agreement", ECF No. 1-2.)

and asserted counterclaims against Respondent. ("Answer", ECF No. 1-4.) The Parties proceeded to arbitration before Judge Victor E. Bianchini ("the Arbitrator"). On December 4, 2019, the Arbitrator issued a Decision & Order, awarding Petitioners $95,300 for unpaid invoices; $12,000 returned in discounted fees; $150,000 in compensatory damages; and $14,865 in fees and expenses paid to the Arbitrator and the AAA. (Dec. & Ord. at 37-38.)

On February 20, 2020, Petitioners commenced this action requesting confirmation of the arbitration award, in the amount of $272,165, as well as prejudgment and post-judgment interest at 10% pursuant to California Civil Code § 3899.[3] (Pet. to Compel Arbit. Award at 5.) On February 27, 2020, Respondent filed an Answer, ("Answer", ECF No. 3), and a Motion to Vacate the Arbitration Award. Respondent seeks to vacate the arbitration award as to the $150,000 awarded in compensatory damages. (*See generally* Mot. to Vacate Arbit. Award.) In the alternative, Respondent seeks to modify the award, asserting the Arbitrator awarded attorneys' fees, thereby exceeding his authority. (*Id*.) Petitioners filed a Response in Opposition to Respondent's Motion to Vacate the Arbitration Award, ("Opp'n to Vacate Arbit. Award", ECF No. 16), and DSIC replied, ("Reply to Vacate Arbit. Award", ECF No. 20). Respondents further filed a response in opposition to the Petition to Compel the Arbitration Award, ("Opp'n to Compel Arbit. Award", ECF No. 17), and Petitioners replied, ("Reply to Compel Arbit. Award", ECF No. 19).

## II.

## DISCUSSION

### A.   Motion to Vacate Arbitration Award

Under the Federal Arbitration Act ("FAA"), "courts may vacate an arbitrator's decision only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942

---

[3]   Petitioners erroneously request relief under California Civil Code § 3899 but clarify and correct their request in their reply brief as a request for prejudgment interest pursuant to California Civil Code §§ 3287(a) and 3289.

(1995)).[4] Limiting judicial review is necessary to avoid rendering arbitration "merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.* (citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008)).

Respondent moves to vacate the arbitration award citing § 10(a)(4) of the FAA, which provides that an arbitration award can be set aside if the "arbitrator[ ] exceed[s his] powers[.]" 9 U.S.C. § 10(a). Respondent contends that the Arbitrator here improperly awarded attorneys' fees disguised as compensatory damages. (Mot. to Vacate Arbit. Award at 11-12). Alternatively, Respondent seeks modification of the $150,000 compensatory damages award pursuant to 9 U.S.C. § 11(b), which provides that a court may modify an arbitration award "where the arbitrators have awarded upon a matter not submitted to them[.]" 9 U.S.C. § 11(b). The Court will discuss each argument in turn.

### 1. Vacating the Arbitration Award

Pursuant to Section 10 of the FAA, a district court may vacate an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption, in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. §10(a). As previously mentioned, Respondent seeks vacatur on the basis of the Arbitrator exceeding his powers.

---

[4] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

"Arbitrators exceed their powers not by merely interpreting or applying the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 642 (9th Cir. 2010); *see also Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1288 (9th Cir. 2009). "The scope of the arbitrator's authority is determined by the contract requiring arbitration as well as by the parties' definition of the issues to be submitted in the submission agreement." *Schoenduve Corp. v. Lucent Tech., Inc.*, 442 F.3d. 727, 732 (9th Cir. 2006). The Parties are thereby bound by both the contract and the demand for arbitration.

Here, the Parties both agree that, "any dispute . . . arising out of . . . this Agreement or at law or the breach termination . . ., that cannot be settled amicably by the parties shall be resolved by binding arbitration[,]" (Ex. A, ECF No. 1-2 at 7), and that the matter of attorneys' fees was not submitted to the Arbitrator, thus not subject to arbitration, (Mot. to Vacate Arbit. Award at 10-11; Opp'n to Vacate Arbit. Award at 7.)

Respondent asserts that the Arbitrator awarded attorneys' fees disguised as compensatory damages, primarily relying on a single line from the Arbitrator's Order stating, the arbitration "has undoubtedly cost [Petitioners] hundreds of thousands of dollars in costs and fees." (Dec. & Ord. at 35.) Respondent's motion is premised on the notion that, "the arbitrator's award of $150,000 as compensatory contract damages is non-sensical since the arbitrator had already awarded $95,300 to Petitioners for their breach of contract counter-claim." (Mot. to Vacate Arbit. Award at 12.) However, "a breach of the implied covenant of good faith and fair dealing involves something more than breach of the contractual duty itself." *Careau & Co. v. Security Pacific Business Credit Inc.*, 222 Cal. App. 3d 1371, 1394 (1990). The allegations can be considered superfluous if they fail to go "beyond the statement of a mere contract breach and, relying on the same alleged acts,

simply seek the same damages . . . already claimed . . ., [then] they may be disregarded[.]" *Id*. at 1395.

Respondent cites to *Guz v. Bechtal Nat. Inc.*, 24 Cal. 4th 317 (2000) as an exception to the general rule. In *Guz*, the court stated that the covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtal Nat. Inc.*, 24 Cal. 4th 317, 349-50 (2000). As such, "to the extent an implied covenant cause of action seeks to impose limits beyond those to which the parties agreed, the claim is invalid." *Lamke v. Sunstate Equip't Co.*, 387 F.Supp.2d 1044, 1047 (N.D. Cal. 2004). However, the court in *Guz* also states,

> the covenant prevents a party from acting in bad faith to frustrate the contract's actual benefits. Thus, for example, the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned.

*Guz*, 24 Cal. At 353 n.18. In the instant matter, the Arbitrator distinguished Respondent's conduct that formed the basis for the breach of the covenant of good faith and fair dealing from the conduct forming the basis for the breach of contract. As such, the claims are not duplicative. *See Celador Intern. Ltd. W. Walt Disney Co.*, 347 F.Supp.2d at 853 (court's job is "to distinguish two claims based on the same facts. If they cannot be distinguished, then the natural conclusion is that they are duplicative.").

In light of the Arbitrator's reasoned decision, the Court is not persuaded that one line from the Decision & Order reflects the sum total of the Arbitrator's reasoning for awarding damages for Respondent's breach of the covenant of good faith and fair dealing. The Arbitrator provided detailed reasoning spanning over four pages in finding Respondent in breach, including, *inter alia*, that Respondent "began to undermine the compensation portion of the Agreement from the very beginning. It attempted to rewrite the Agreement . . . indicating that signing . . . was necessary to be paid, without disclosing its intent"; sending Petitioner's principal to Singapore "with an undisclosed intent not to pay him after

assuring him he would be paid for his time and travel"; refusing to pay Petitioner for any services rendered after May 31, 2018, where Respondent cited nearing exhaustion of funds, which the Arbitrator stated was "a dishonest excuse". (Dec. & Ord. at 31-36.) Characterizing this award as an award for attorneys' fees is unsubstantiated in light of the Arbitrator's well-reasoned opinion.

Consequently, Respondent's reliance on *Thompson v. Jespersen*, 222 Cal. App. 3d 964, 968 (1990), is misplaced. In *Thompson,* the arbitrator clearly and expressly granted attorneys' fees despite the fact that the issue of attorney fees was not submitted for arbitration. The correlation between *Thompson* and the instant matter is tenuous, at best, given this Court's finding that the Arbitrator clearly characterized this award as for a breach of the covenant of good faith and fair dealing.

**2. Modifying the Arbitration Award**

If this Court does not find sufficient grounds for vacatur of the award, Respondent requests modification of the Award with respect to the Arbitrator's award of $150,000, in the alternative. Section 11 of the FAA prescribes that an arbitration award can be modified:

(a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
(b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;
(c) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C § 11.

Respondent asserts that the Arbitrator has awarded attorneys' fees, despite the matter not being submitted for consideration. The Court notes that the grounds on which Respondent seeks this relief are the same grounds on which Respondent seeks to vacate the arbitration award. Respondent relies on *DiMarco v. Chaney*, 31 Cal. App. 4th 1809 (1995) and *Asturiana De Zinc Mktg., Inc. v. LaSalle Rolling Mills*, *Inc.,* 20 F.Supp.2d 670, 675 (S.D.N.Y 1998) for support. However, it is clear that the cases are inapplicable to the

facts in this case. *DiMarco* and *Asturiana* concern the propriety of a denial or grant of attorneys' fees by an arbitrator, as such, these cases are inapposite. The Arbitrator here neither granted nor denied attorneys' fees and made no reference to attorneys' fees in the Decision & Order. As such, for the same reasons discussed *infra* II.A.1., the Court finds no basis to modify the arbitration award. The Parties' contracted that any dispute "shall be resolved by binding arbitration . . . [and t]he award shall be final and binding upon both parties", (Consultant Agreement at ¶ 14), as such, the award for Respondent's breach of the covenant of good faith and fair dealing is within the purview of the Arbitrator's power.

**B.     Petition to Compel the Arbitration Award**

   **1.     Compelling the Arbitration Award**

"[C]onfirmation of an arbitration award is appropriate only where the parties in their agreement have agreed that a judgment of the court shall be entered upon the award." *Com. Enters. v. Liberty Mut. Ins. Co.*, 958 F.2d 376 (9th Cir. 1992); *see Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008) ("[C]ourts must undertake enforcement of arbitration awards 'so long as the parties *contemplated* judicial enforcement.'") (quoting *Hall St. Assocs.*, 552 U.S. at 587 n.6).

Section 9 of the FAA states an arbitration award shall be confirmed:

> "if the parties in their agreement have agreed that judgment of the court shall be entered upon award made pursuant to the arbitration, … *the court must grant such an order* unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

9 U.S.C. § 9 (emphasis added).

Petitioners timely filed the motion to confirm the arbitration award, (*see* 9 U.S.C. § 9), and the Court has denied Respondent's motion to vacate or modify the arbitration award, (*see supra* II.A.1.-2.). The Parties' Consultant Agreement provides that any court of competent jurisdiction may enter judgment. (Consultant Agreement at ¶14.) This language confirms that the parties contemplated judicial enforcement. *See Qorvis*

*Commc'ns,* 549 F.3d at 308. Because the requirements to confirm an arbitration award are satisfied, the Court confirms the arbitration award.

### 2. Awarding Prejudgment Interest, Post-Award Prejudgment Interest, Post-judgment Interest

Petitioners' initial request for prejudgment and post-judgment interest in the Petition to Compel Arbitration is conclusory and perfunctory, at best. Petitioners present the entirety of their legal arguments in support of this request in their reply brief, requesting interest pursuant to California Civil Code § 3287(a) and § 3289.[5]

#### a. Prejudgment Interest

Petitioners assert that prejudgment interest is mandatory on liquidated claims pursuant to California Civil Code § 3287(a). (Reply to Compel Arbit. Award at 8-12.) Petitioners urge this Court to find that the Arbitrator's silence on the issue is not a denial of the claim. (*Id.* at 6-8.) Respondent opposes this request, arguing that pre-award interest is not available under California law, and at most, Petitioners are only entitled to post-award interest because damages are not certain under California Civil Code § 3287 until the date of the award. (Reply to Vacate Arbit. Award at 11-12.)

The Parties agree that the matter of prejudgment interest was submitted to the Arbitrator. (Opp'n to Compel Arbit. Award at 21; Reply to Compel Arbit. Award at 6). However, the Arbitrator did not award interest, did not explain his reasoning, and is in fact, not required to do so. *Kohn Law Group, Inc. v. Jacobs*, 825 Fed. Appx. 465, 466 (9th Cir.

---

[5] Although arguments raised for the first time in a reply brief are generally considered waived, *Burlington Northern & Santa Fe Railway Co. v. Vaughn*, 509 F.3d 1085, 1093 n. 3 (9th Cir. 2007), courts have discretion to consider these arguments. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir.2003) (finding district court did not abuse its discretion in considering argument raised for first time in reply brief). Here, Respondent addressed the matter of prejudgment interest and pre-award prejudgment interest in Respondent's Reply to their Motion to Vacate the Arbitration Award. Therefore, Respondent will not be prejudiced from the Court's consideration of the merits of Petitioners' request.

2020) (citing *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009).)   The Arbitrator explicitly stated that the award "is in full settlement of all claims and counterclaims submitted . . . [a]ll claims not expressly granted herein are hereby denied." (Dec. & Ord. at 38.)  Even assuming the Arbitrator failed to award prejudgment interest in contravention of California law, Petitioners' must prove that it is "clear from the record that the arbitrator recognized the applicable law and then ignored it." *Comedy Club*, 553 F.3d at 1290. Petitioners fail to meet this burden.  As such, Petitioners' argument that awarding prejudgment interest is mandatory under California law is unavailing.  *Bosack*, 586 F.3d at 1104 ("If the[ Arbitrator] choose[s] not to [explain their reasoning], it is all but impossible to determine whether they acted with manifest disregard for the law.")  Because review of the arbitration award is "limited and highly deferential", (*DeMartini v. Johns*, 693 F. App'x 534, 536 (9th Cir. 2017)), the Court declines Petitioners' request to modify the award to include prejudgment interest.

### b. Post-Award, Prejudgment Interest

Petitioners request post-award, prejudgment interest for the "award of $150,000 in compensatory contract damages as well [as] the $12,000 in credit that became a fixed obligation as of the date of the arbitration award" pursuant to California Civil Code § 3289. (Reply to Compel Arbit. Award at 12.)  As discussed above, Respondent concedes that interest is limited to post-award prejudgment interest. (*See infra*, II.B.2.a.)

In general, post-award prejudgment interest is governed by state law.  *Northrop Corp. v. Triad Int'l Marketing*, 842 F.2d 1154, 1155 (9th Cir. 1998).  Petitioners' request is well grounded in the caselaw.  *See* California Civil Code § 3289[6]; *Pierotti v. Torian,* 81

---

[6]    Section 3289 states in relevant part:
    (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest the obligation shall bear interest at a rate of 10 percent per annum after a breach.

*See* Cal. Civ. Code § 3289.

Cal. App. 4th 17 (2000); *Britz, Inc. v. Alfa–Laval Food & Dairy Co.,* 34 Cal. App. 4th 1085 (1995).  Under California law, a breach of contract accrues interest at ten percent from the date the arbitrator renders an award.  *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).  Accordingly, Petitioners are entitled to 10% interest from the date of the arbitration award until the date Judgment is entered in this action.[7]

### c.   Post-Judgment Interest

Petitioners also seek post-judgment interest pursuant to 28 U.S.C. § 1961(a), arguing that post-judgment interest is mandatory.  (Reply to Compel Arbit. Award at 13-14.)  Respondent has not addressed the matter of post-judgment interest.  It is well-settled that post-judgment interest is determined by federal law.  *Northrop Corp.,* 842 F.2d at 1155.  Post-judgment interest is calculated from the date of entry of judgment "at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).  Accordingly, the request for post-judgment interest is granted from the date judgment is entered in the instant matter.  *Lagstein v Certain Underwriters at Llyod's of London,* 725 F.3d 1050, 1055 (9th Cir. 2013) ("[P]ost-judgment interest . . . runs after the entry of judgment confirming the arbitration award until the day the award is paid.").

///
///
///
///
///
///

---

[7]   The Parties agree that interest can be excluded for the "extended time period" as a result of Petitioners' motion to extend the briefing schedule, (ECF No. 7).  (Decl. of John D. Esterhay, ECF No. 17-1 at ¶ 2.)  Accordingly, the Court finds the period of time for which post-award prejudgment interest accrues will exclude a two-month period.

## II.
## CONCLUSION

Accordingly, for the reasons set forth above:

1. Respondent's Motion to Vacate the Arbitration Award is **DENIED**; and
2. Petitioners' Petition to Compel the Arbitration Award is **GRANTED IN PART AND DENIED IN PART.**

DATED: June 22, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE